IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| VINCENT B. FRIEMEL, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:10-CV-0282 |
| § | |
| RICK THALER, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**REPORT AND RECOMMENDATION TO GRANT
RESPONDENT'S MOTION TO DISMISS and
TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Came for consideration respondent's February 14, 2011 motion to dismiss as time-barred the petition for a writ of habeas corpus filed by petitioner VINCENT B. FRIEMEL. It is the opinion of the undersigned United States Magistrate Judge that respondent's motion be GRANTED, and petitioner's federal habeas corpus application be DISMISSED as time barred.

I.
PROCEDURAL HISTORY

On August 29, 2008, petitioner was charged by indictment with the 3rd degree felony offense of driving while intoxicated out of the 69th Judicial District Court of Moore County, Texas. *See State v. Friemel*, Cause No. 4202. On February 26, 2009, a jury found petitioner guilty of felony DWI as alleged in the indictment and assessed petitioner's punishment at

confinement in the Texas Department of Criminal Justice, Correctional Institutions Division, for forty (40) years.[1]

On March 2, 2009, petitioner signed a post- judgment pleading entitled "Waiver of Right to Appeal."  In this pleading, petitioner stated, "I . . . do hereby waive and give up my right to appeal the verdict and sentence in this cause [the DWI case]" and agreed to plead guilty to a charge of bail jumping (an offense which occurred when petitioner was voluntarily absent from the trial proceedings in the DWI cause), in return for the State agreeing to dismiss a pending assault on a public servant charge, agreeing to not charge petitioner with an unrelated manufacturing or possession of a controlled substance offense, and recommending a 10-year sentence and a fine of $2,500 as punishment for the bail jumping offense.  After waiving the right to appeal, petitioner did not timely file a notice of appeal to directly appeal his DWI conviction or 40-year sentence.

On March 31, 2010, petitioner, represented by counsel, filed an application for a state writ of habeas corpus with the Moore County District Clerk challenging his DWI conviction and 40-year sentence asserting two (2) grounds of ineffective assistance of counsel.  *Ex parte Friemel*, No. 61,149-03.  The district court clerk accepted petitioner's application and provided notice of the filing to the district attorney that same date.  The district attorney did not file an answer to the state habeas application.  On April 6, 2010, the state trial court entered an Order finding "there [was] a need for additional evidence" in the cause, and directed petitioner's trial counsel to prepare an affidavit in response to the ineffective assistance of counsel allegations and file such with the trial court within twenty (20) days.  On April 20, 2010, petitioner's trial

---

[1] The indictment against petitioner also alleged three (3) prior felony driving while intoxicated convictions enhancing the range of punishment to not less than 25 years but not more than 99 years.

counsel submitted his affidavit.  On April 26, 2000, the state trial court entered Findings of Fact and Conclusions of Law, to wit: petitioner's conviction was lawful; petitioner entered a knowing and voluntary waiver of his right to appeal; trial counsel's affidavit indicated petitioner's allegations of ineffectiveness were groundless; and petitioner's state habeas application should be denied.  The Texas Court of Criminal Appeals received petitioner's state habeas application and case transcript from the Moore County district clerk on May 6, 2010.

On June 14, 2010, petitioner's counsel filed an amended application for a state writ of habeas corpus asserting a third ground of ineffective assistance of counsel.  The district court clerk accepted petitioner's amended application and, according to the clerk's Certificate of Notification, provided notice of the filing to the district attorney on July 22, 2010.[2]  The district attorney did not file an answer to petitioner's amended state habeas application, nor did the state trial court order additional evidence or make additional findings or conclusions.  On July 26, 2010, the Texas Court of Criminal Appeals received the supplemental record from the Moore County district clerk containing petitioner's amended application.[3]  On September 29, 2010, the Texas Court of Criminal Appeals dismissed petitioner's state application *per curiam* noting only that it was "noncompliant" with Rule 73.1 of the Texas Rules of Appellate Procedure.[4]  *Ex parte*

---

[2]This notification date appears to be erroneous as it reflects the date the supplemental record was forwarded to the Texas Court of Criminal Appeal.

[3]The Texas Court of Criminal Appeals received a courtesy copy of petitioner's amended habeas application from petitioner's counsel on June 14, 2010.

[4]Rule 73.1 governs the form of post-conviction applications for writs of habeas corpus in felony cases (other than capital felony cases) and states:

> (a) *Prescribed Form.*  An application for post conviction habeas corpus relief in a felony case without a death penalty, under code of Criminal Procedure article 11.07, must be made in the form prescribed by the Court of Criminal Appeals in an order entered for that purpose.
>
> (b) *Availability of Form.*  The clerk of the convicting court will make the forms available to applicants on request, without charge.

*Friemel*, Application No. 61,149-03.[5]  The dismissal did not specify in what manner the application did not comply with the rule.

On October 4, 2010, petitioner's counsel filed another application for a state writ of habeas corpus essentially identical to the previous amended petition.[6] *Ex parte Friemel*, Application No. 61,149-04.  The district court clerk accepted petitioner's application and provided notice to the district attorney that same date. On October 19, 2010, the district attorney filed with the state trial court his Original Answer denying petitioner's allegations and attaching additional affidavits and excerpts of the guilt-innocence phase of the trial.  On October 25, 2010, the state trial court entered Findings of Fact and Conclusions of Law, to wit: petitioner's conviction was lawful; petitioner entered a knowing and voluntary waiver of his right to appeal; trial counsel's original affidavit and the district attorney's answer and attachments indicated petitioner's allegations of ineffectiveness were groundless; and petitioner's state habeas application should be denied.  On November 24, 2010, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order on findings of the trial court without a hearing.

---

(c) *Contents*.  The person making the application must provide all information required by the form.  The application must specify all grounds for relief, and must set forth in summary fashion the facts supporting each ground.  The application must not cite cases or other law.  Legal citations and arguments may be made in a separate memorandum.  The application must be typewritten or handwritten legibly.

(d) *Verification*.  The application must be verified by either:
   (1) oath made before a notary public or other officer authorized to administer oaths, or
   (2) if the person making the application is an inmate in the Institutional Division of the Department of Criminal Justice or in a county jail, an unsworn declaration in substantially the form required in Civil Practice and Remedies Code chapter 132.

[5]Although the Texas Court of Criminal Appeals did not identify the deficiency, the undersigned notes the Amended Petition, which asserted the third ground of ineffective assistance of counsel, was lacking the "Inmate's Declaration," even though the original petition contained such declaration.

[6]This petition recited the state writ history under Application No. 61,149-03 and contained a completed "Inmate's Declaration."

On December 2, 2010, petitioner, again represented by counsel, filed this federal habeas corpus application challenging his DWI conviction and 40-year sentence. In his application, petitioner alleges his DWI conviction and 40-year sentence is in violation of the Constitution and laws of the United States because:

1. petitioner was denied effective assistance of trial counsel when counsel failed to:

    a. take minimum defensive steps to properly investigate and defend a blood draw DWI case;

    b. cross-examine or in any way challenge the prosecution's expert witness regarding his retrograde extrapolation analysis, and failed to hire or consult an independent extrapolation expert for the defense; and

    c. seek a continuance after discovering petitioner was so intoxicated during the trial proceedings that he was incapable of providing assistance to counsel.

Respondent filed his motion to dismiss petitioner's habeas application as time barred on February 14, 2011. Petitioner has not filed any response to the motion to dismiss.

II.
STATUTE OF LIMITATIONS

Section 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation
> period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

 (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

 (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's claims attack the validity of his February 26, 2009 conviction. The record does not reflect any unconstitutional State action impeded petitioner in his filing of the instant federal writ, 28 U.S.C. § 2244(d)(1)(B), nor do petitioner's claims involve a constitutional right recognized by the Supreme Court in the last year and made retroactive to cases on collateral review, 28 U.S.C. § 2244(d)(1)(C), nor has petitioner shown he could not have discovered the factual predicate of his claims until a date subsequent to the final conviction date. *See* 28 U.S.C. § 2244(d)(1)(D). Accordingly, the one-year limitation period began to run as to petitioner's claims on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The jury imposed petitioner's 40-year sentence on February 26, 2009, and judgment was dated that same date.[7] In his motion to dismiss, respondent initially argues that because petitioner waived his right to appeal, his conviction became final on February 26, 2009, the date

---

[7] Judgment was signed on March 2, 2009 but dated February 26, 2009.

sentence was imposed and judgment entered, for purposes of beginning the AEDPA limitation period. Respondent contends petitioner's waiver, which resulted in the absence of any direct appeal, precludes the start of the limitation period upon "the conclusion of direct review." Respondent thus contends the other beginning point for the limitation period, "the expiration of the time for seeking [direct] review," occurred at the time petitioner was *sentenced* due to his waiver of his right to appeal and failure to appeal. Respondent does not address the fact that the waiver was executed on March 2, 2009, a date four days after petitioner's sentencing and issuance of the final judgment.

 This Court has previously addressed when a conviction becomes <u>final</u> when a petitioner waives his right to appeal as part of the pre-trial plea bargaining process. *See Frey v. Thaler*, No. 2:09-CV-180, *Report and Recommendation* dated September 2, 2010 and *Order Adopting Report and Recommendation* dated September 17, 2010. In that case, this Court noted the Northern District has held, "the fact that state law may restrict a plea-bargaining defendant's right to direct appeal . . . [is] irrelevant to the computation of the federal limitations period under § 2244(d)(1)(A)." *Hughes v. Dretke*, No. 4:04-CV-802, 2004 WL 2921841, at *2 (N.D.Tex. Dec. 14, 2004). Noting Texas law allows a defendant thirty (30) days after the day sentence is imposed in open court to file a Notice of Appeal initiating direct review of his conviction and sentence, *see* Tex. R. App. P. 26.2(a)(1), this Court held petitioner had the full appellate period in which to file his Notice of Appeal, even if that appeal might be subject to dismissal because of a waiver. Consequently, the undersigned finds petitioner's conviction was not final until the

expiration of the time for seeking direct appellate review.[8]

The limitation period in which to file a federal habeas corpus application thus began to run on March 30, 2009[9] and expired, absent any tolling, on March 30, 2010. Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed state application for habeas relief is pending in state court statutorily tolls the AEDPA limitations period. Petitioner's first state habeas application was file marked March 31, 2010. On page 4 of petitioner's federal habeas application, however, counsel avers petitioner's first state habeas application was filed on March 28, 2010. The Moore County District Clerk's file mark, however, clearly reflects March 31, 2010 as the filing date of record. Petitioner has not filed a response opposing respondent's motion to dismiss, submitted any evidence to indicate the filing date of record is incorrect, or provided case law or statutory authority holding that, under the circumstances of this case, the state habeas application should be deemed filed as of an earlier date, or argued any basis for the application of equitable tolling in this case. Petitioner's first state habeas application thus did not toll the limitations period. Consequently, petitioner's federal habeas application, filed December 2, 2010, is time barred.

Assuming, solely for purposes of argument, that this Court were to find that petitioner's first state habeas application was filed March 28, 2010, two days prior to the March 30, 2010 expiration of the limitation period, and thus tolled the limitations period, petitioner's federal

---

[8]Similar issues are currently pending before the United States Court of Appeals for the Fifth Circuit, to wit: whether a district court erred in beginning the AEDPA limitation period on the date of sentencing when it was questionable whether the petitioner did, in fact, waive his right to a direct appeal; whether an appellate proceeding that results in a dismissal pursuant to the enforcement of an appeal waiver would constitute "direct review" under section 2244(d)(1)(A); and if no appeal was taken after a valid waiver of appeal, whether the limitations period should begin on the date of sentencing or when the time for seeking direct review expires. *See Rodriguez v. Thaler*, No. 10-40414.

[9]The 30-day time period actually expired on Saturday, March 28, 2009, rendering petitioner's notice of appeal due on Monday, March 30, 2009. *See* Tex. R. App. P. 4.1(a) (2009).

habeas application would still be untimely. Petitioner's first state habeas was pending, and thus would have tolled the limitations period, from March 28, 2010 through September 29, 2010. Four days then elapsed before petitioner filed his second state habeas application on October 4, 2010. On page 5 of petitioner's federal habeas application, however, counsel avers petitioner's second state habeas application was filed on September 30, 2010.[10] Even crediting petitioner's argument and considering the second state habeas application filed on September 30, 2010, this second state habeas was pending, and thus tolled the limitations period, from September 30, 2010 through November 24, 2010. Seven days then elapsed before petitioner filed his federal habeas application on December 2, 2010. Even allowing tolling for the pendency of petitioner's two state habeas applications, petitioner's federal habeas application is untimely.

In his motion to dismiss, respondent also argues that even if petitioner's first state habeas application had been filed within the 1-year limitation period, that such application would not have tolled the limitation period because it was dismissed as noncompliant with Rule 73.1 of the Texas Rules of Appellate Procedure and, thus, was not "properly filed" within the meaning of § 2244(d)(1)(A) so as to statutorily toll the AEDPA statute of limitations. The court need not reach this issue due to the determination that petitioner's first state habeas was filed outside of the limitation period and did not serve to toll the period.

### III.
### RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge that

---

[10] The Moore County District Clerk's file mark, however, clearly reflects October 4, 2010 as the filing date of record. Petitioner has not filed a response opposing respondent's motion to dismiss, submitted any evidence to indicate the filing date of record is incorrect, or provided case law or statutory authority holding that, under the circumstances of this case, the state habeas application should be deemed filed as of an earlier date, or argued any basis for the application of equitable tolling in this case.

respondent's motion to dismiss be GRANTED, and petitioner's federal habeas corpus application be DISMISSED.

IV.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 19th day of August, 2011.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).