IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| VINCENT B. FRIEMEL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:10-CV-0282 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DENY PETITIONER'S MOTION TO RECONSIDER DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS

On December 2, 2010, petitioner VINCENT B. FRIEMEL filed a petition for a federal writ of habeas corpus challenging his 2009 felony driving while intoxicated (DWI) conviction out of Moore County, Texas. In response to the Court's Order to Show Cause, respondent filed a motion to dismiss the petition as time barred. Petitioner did not file any reply or otherwise oppose the motion to dismiss. On August 19, 2011, the undersigned, noting petitioner's failure to reply, issued a Report and Recommendation to grant respondent's motion to dismiss as time barred. Although petitioner was granted an extension of time to file objections to the Report and Recommendation, petitioner did not file any objections. On September 15, 2011, the United States District Judge adopted the Report and Recommendation and dismissed the petition for writ of habeas corpus. Judgment was entered that same date.

On September 19, 2011, four (4) days after the dismissal of his habeas application,

petitioner filed a motion requesting the Court reconsider its decision. Additional briefing was ordered with both petitioner and respondent filing pleadings in response to the Order. After considering petitioner's motion and the pleadings related thereto, as well as all other pleadings on file, the undersigned United States Magistrate Judge finds the motion for reconsideration is without merit and should be denied.

I.
PETITIONER'S ARGUMENT

The thrust of petitioner's argument in his motion for reconsideration is that the Court erred in granting respondent's motion to dismiss as time barred. Petitioner contends his federal habeas application was, in fact, timely filed. Petitioner also argues his claims of ineffective assistance of counsel raised in his federal habeas application are meritorious.

With regard to the timeliness of his federal habeas application, petitioner initially argues this Court calculated the 1-year statute of limitations under the AEDPA utilizing an improper final judgment date. Petitioner acknowledges he failed to appear during his DWI trial and that the state trial court initially pronounced his sentence *in absentia* on February 22, 2009. Petitioner points out, however, that he subsequently appeared before the state trial court and that court again pronounced sentence, with petitioner present, on March 2, 2009. Petitioner contends the February sentencing date (in defendant's absence) should not be used as the sentencing date for calculating when his conviction became final, rather, the Court should use the March 2, 2009 date, the date sentence was pronounced in petitioner's presence, as the date sentence was imposed for determining the date judgment became final. The undersigned will assume petitioner's argument regarding the date sentence was imposed is correct. Using the March 2, 2009 sentencing date, petitioner's conviction became final thirty (30) days later, on April 1,

2009.  Consequently, the AEDPA limitations period began April 2, 2009.

In his motion to reconsider, petitioner also argues error in determining the date a state habeas application is "filed" so as to begin the statutory tolling of the limitations period during the pendency of the state application.  Petitioner avers he mailed his first state habeas application on March 28, 2010, and the writ was filed of record with the Moore County District Clerk on March 31, 2010.  Petitioner avers he mailed his second state habeas writ on September 3, 2010, and the writ was filed October 4, 2010.  Petitioner alleges that, under Texas law, the dates on which he <u>mailed</u> his state habeas applications should be used as the dates he "filed" his applications, thereby statutorily tolling the limitation period, as opposed to the dates the state habeas petitions were actually filed of record.  Petitioner's argument is not correct.

The United States Court of Appeals for the Fifth Circuit has held that the "mailbox rule" does not apply to state habeas corpus petitions.  *See Howland v. Quarterman*, 507 F.3d 840 (5th Cir. 2007).  This Court is aware of the Texas Court of Criminal Appeals' decision in 2010 adopting the prisoner mailbox rule, *see Campbell v. State*, 320 S.W.3d 338, 342-44 (Tex.Crim.App. 2010), however, the Fifth Circuit has not revisited its decision in *Howland* in light of *Campbell* and this Court remains bound by precedent.  It is noted, however, that even if *Howland* were not binding on this Court, petitioner would still not be entitled to the "mailbox rule" since petitioner's state habeas petitions were not filed pro se.

Using April 1, 2009 as the date petitioner's conviction became final, and starting the 1-year limitation period on April 2, 2009, petitioner's first state habeas application, filed March 31, 2010, the 364th day after his conviction became final, would serve to toll the limitation period. However, since 363 days had run, only two (2) days remained in the 1-year limitation period. The first state habeas corpus petition, however, was dismissed by the Texas Court of Criminal

Appeals as procedurally non-compliant on September 30, 2010.  Petitioner's second state writ was not filed until October 4, 2010, resulting in an additional three (3) days of the limitation period running.  Adding the additional three days to the 363 days which had already run results in the federal petition not having been filed until the 367th day after the conviction became final.  Since the 1-year limitation period expired prior to petitioner filing his second state petition for writ of habeas corpus, any equitable tolling of time <u>after</u> the Texas Court of Criminal Appeals denied the second state petition up to the time when the federal habeas petition was filed would not benefit petitioner.  This is so even if this Court allowed the entire period of time from November 24, 2010, when the second state petition was denied, until December 2, 2012, when the federal petition was filed, to be equitably tolled.  Petitioner, however, would not be entitled to have all of that period (November 24, 2010 to December 2, 2010) equitably tolled.  In the affidavit submitted with petitioner's motion, it is stated that petitioner's counsel attempted to schedule a legal visit with petitioner to have petitioner sign the federal writ when counsel was notified the second state petition had been denied on November 24, 2010.  The affidavit recites the paralegal or secretary in petitioner's counsel's office attempted to schedule a legal visit for Friday, November 25, 2010, or Monday, November 30, 2010.  In actuality, in 2010, the Friday after the state writ was denied would have been November 26, 2010, instead of November 25, and the Monday following would have been November 29, 2010, rather than November 30, 2010.  Even if counsel's office had been successful in scheduling a visit on the earliest date they were attempting to use, Friday, November 26, 2010, petitioner would not have been able to file his federal petition in Amarillo until Monday, November 29, 2010.  Petitioner actually filed the federal petition three (3) days later on December 2, 2010.  Consequently, if this Court allowed equitable tolling, the most the Court could allow would be the three (3) days from when

petitioner could have filed his federal petition if counsel had been allowed the immediate access to petitioner he requested. He would not have been allowed equitable tolling for the other four (4) days from November 25, 2010 through November 28, 2010.

 Lastly, in the Report and Recommendation petitioner seeks to have reconsidered, the Court, solely for purposes of argument, based its limitations calculation as if petitioner would be allowed statutory tolling from March 31, 2010 to September 29, 2010, the period when the first state habeas writ was pending (see pages 8 and 9 of the Report and Recommendation filed August 19, 2011). The Fifth Circuit has held that federal courts do not look behind the state court's ruling that a state habeas petition was not properly filed, and that the state court ruling with respect to whether the petition is or is not properly filed is "the end of the matter." *See Koumjian v. Thaler*, No. 09-50729, 2012 WL 3206462, at *1 (5th Cir. Aug. 8, 2012) (*quoting Carey v. Saffold*, 536 U.S. 214, 226, 122 S.Ct. 2134, 2141, 153 L.Ed.2d 260 (2002)). Although unpublished, the court in *Koumjian* held that such appears to be the case even if the grounds for the state court rulings are debatable. The Fifth Circuit further said that the court (the Fifth Circuit), in non-binding unpublished opinions, has followed other courts in holding that a state court's ruling as to whether the state habeas petition is "properly filed" is dispositive. *Citing Carey v. Saffold*, 536 U.S. 214, 226, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002); *Allen v. Siebert*, 552 U.S. 3, 7, 128 S.Ct. 2, 169 L.Ed.2d 329 (2007).

 Petitioner does not challenge the state court's dismissal of his first state habeas petition as improperly filed. Instead, he attributes the procedural deficiency that caused the unfiling to a word processing error and argues it would be unjust to exclude the time the first state writ was pending because of a "formatting error." The Court has found no authority which would allow it to ignore the fact that the first state writ was dismissed as improperly filed. If the period of time

the first state court writ was pending does not toll the limitations period because the petition was dismissed as improperly filed, which appears to be the case, then the federal petition filed December 2, 2010, was filed approximately a year and a half after petitioner's DWI conviction became final and is clearly barred by limitations.

## II.
## RESPONDENT'S ANSWER

In response to petitioner's motion for reconsideration, respondent does not address petitioner's arguments that the Court erred in calculating limitations, and the Court has addressed them above.  Respondent does argue petitioner waived consideration of his arguments against limitations because he failed to timely and properly respond to respondent's motion to dismiss and failed to object to the Report and Recommendation.  Respondent further argues the request for reconsideration does not meet the stringent standards for such a motion.  Specifically, respondent contends petitioner has neither adequately briefed the motion for reconsideration, nor has he cited any controlling federal law entitling him to reconsideration.  Secondly, respondent argues that if the motion for reconsideration is construed as a motion filed pursuant to Rule 59(e), Federal Rules of Civil Procedure, the motion fails to meet the standards of Rule 59(e). Specifically, respondent argues Rule 59(e) permits this Court to alter or amend the Judgment due to (1) an intervening change in controlling law, (2) availability of new evidence not previously available, or (3) the need to correct a clear error of law or fact or prevent a manifest injustice. Respondent submits a Rule 59(e) motion is not the proper vehicle for a litigant to make arguments which could have been offered or raised before entry of judgment.  Respondent submits petitioner's motion satisfies none of the Rule 59(e) requirements and that petitioner has provided no viable reason to reopen the case.

Petitioner does not argue he meets the requisites of Rule 59(e). Instead, he basically argues excusable neglect, arguing he miscalendared the deadline for filing objections to the Report and Recommendation, and that the failure of the Court to reopen the case will result in petitioner serving an extended prison term in a case where it is clear he received ineffective assistance of counsel at trial. Petitioner contends this constitutes a manifest injustice.

## III.
## RECOMMENDATION

There is simply no legal basis to support a determination by this Court that the motion for reconsideration should be granted. Further, even if it were granted, there is no legal basis to statutorily or equitably toll enough time to avoid limitations. It is the RECOMMENDATION of the undersigned United States Magistrate Judge that petitioner's motion to reconsider dismissal of petitioner's federal habeas corpus application be DENIED.

## IV.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 5th day of September 2012.


_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

   Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)©), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

   Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).